85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph LUCIEN, Plaintiff-Appellant,
v.
Scott T. BALMER, Andrienne Johnson, Yolanda Deloach, et al.,
Defendants-Appellees.
 No. 95-2405.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.[1]
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Lucien, an Illinois state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging due process violations under Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), in connection with a disciplinary proceeding for failure to produce an identification card when ordered to do so by a prison guard. The district court dismissed the action for failure to state a claim, Fed.R.Civ.P. 12(b)(6).
 
 
 2
 A prisoner is not entitled to procedural due process safeguards if he cannot show a deprivation by state action of a constitutionally protected liberty interest. Zinermon v. Burch, 494 U.S. 113, 125 (1990). Because Lucien's sole punishment was demotion to "C" grade,[2] under Sandin v. Connor, 115 S.Ct. 2293 (1995), he has no liberty interest which would give rise to the due process claims he is asserting.[3] Cf. Antonelli v. Sheahan, --- F.3d ----, No. 94-3383 (7th Cir. April 16, 1996). Thus, we agree with the district court that the due process claims should be rejected, but on different grounds. See In re Scarlata, 979 F.2d 521, 525 n. 5 (7th Cir.1992) (court may affirm a dismissal on any ground consistent with the facts alleged).
 
 
 3
 The judgement of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Prisoners demoted to "C" grade "receive no privileges except yard and commissary." 20 Ill.Admin.Code § 504.130(a)(3)
 
 
 [3]
 The parties filed briefs in the district court before the decision in Sandin was issued, and thus the court stated that it would assume that a liberty interest existed and address the procedural due process allegations raised in the complaint. On appeal, the state cites Sandin and argues that no liberty interest exists